IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| COURTNEY STEVENSON and MICHAEL STEVENSON, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WAIAKEA BOTTLING INC., WAIAKEA, INC., and SAM'S WEST, INC. d/b/a SAM'S CLUB, <br><br> Defendants. | Case No. _____ |

## CLASS ACTION COMPLAINT

Plaintiffs Courtney Stevenson and Michael Stevenson file this Class Action Complaint against Waiakea Bottling Inc.; Waiakea, Inc.; and Sam's West, Inc.:

## NATURE OF ACTION

1. This is a class action relating to injuries and damages resulting from the consumption of contaminated water produced and sold by the Waiakea Hawaiian Volcanic Water company, and distributed by Sam's Club, among others.

2. Plaintiffs and other similarly situated consumers purchased contaminated water processed by Waiakea and sold by one of the Defendants. Since drinking the water, they have suffered injuries including sickness, nausea, and emotional distress.

## **PARTIES**

3. Plaintiff Courtney Stevenson is a resident in and is domiciled in Ohio.

4. Plaintiff Michael Stevenson is a resident in and is domiciled in Ohio.

5. Defendant Waiakea Bottling Inc. is a Hawaii corporation with its principal place of business in Hawaii.

1

6. Defendant Waiakea, Inc. is a Delaware corporation with its principal place of business in Hawaii. For ease of reference, the two Waiakea entities will be collectively referred to as "Waiakea."

7. Defendant Sam's West, Inc. d/b/a Sam's Club ("Sam's Club") is an Arkansas corporation with its principal place of business in Arkansas. On information and belief, Sam's Club is a wholly owned subsidiary of Wal-Mart Stores, Inc.

## JURISDICTION AND VENUE

8. Jurisdiction is proper under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

9. This Court has personal jurisdiction over Waiakea because it has purposely availed itself of the privilege of conducting business in Ohio. Among other things, Waiakea (either directly or through closely affiliated entities) markets and sells its bottled water nationally through retail outlets such as Sam's Club, among others, with the knowledge and intent that its products be sold across the country, including in Ohio. On information and belief, Waiakea has sold a significant number of bottles of water in the state of Ohio, where the injuries at issue took place. Waiakea was responsible for the shipping of these products to Ohio residents, and it purposely directed its conduct to this state.

10. This Court has personal jurisdiction over Sam's Club because it purchased shipments of Waiakea's water bottles for the purpose of selling them in Ohio, with the actual or constructive knowledge that such products would be consumed in Ohio, where the injuries at issue took place. Sam's Club has purposely availed itself of the privileges of conducting business in Ohio, and, on information and belief, it has sold a significant number of Waiakea water bottles in this state.

2

11. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district.

## GENERAL ALLEGATIONS

**A. Waiakea's Unsafe and Unsanitary Water Processing**

12. Waiakea markets itself as "Hawaiian Volcanic Water." On its website, it boasts that "Waiakea offers purity in its ultimate form."

13. Waiakea water is sold throughout the country, including in Ohio, through retail outlets such as Sam's Club and other stores or online vendors. Its website lists the following vendors: Whole Foods, Walmart, Wawa, QuickTrip, Stop & Shop, The Fresh Market, Sheetz, Speedway, Foodland, Sam's Club, Ralphs, Kroger, 7Eleven, and Sprouts.

14. Sometime in or about 2023 and 2024, Waiakea received customer complaints about floating particles found in some of its water bottles. The United States Food and Drug Administration ("FDA") was also informed and began investigating these complaints.

15. On or about November 28, 2023, Waiakea recalled several shipments of its water, representing approximately 3,850 cases. The affected lot numbers were WB123275 and WB123276.

16. Waiakea posted a notice of "voluntary recall" on its website dated May 1, 2024.

17. On information and belief, these were not the only shipments of Waiakea water that were subject to unsafe and unsanitary bottling conditions.

18. The FDA conducted an investigation of Waiakea's bottled water manufacturing facility from December 19, 2023 through February 14, 2024.

19. On August 13, 2024, the FDA issued a warning letter to Waiakea, noting several violations of federal law in the processing of Waiakea's water. The letter stated that Waiakea's bottled water products "have been prepared, packed, or held under insanitary conditions whereby

they may have become contaminated with filth, or whereby they may have been rendered injurious to health."

20. The letter also noted that testing of Waiakea's water in a third-party laboratory analysis found multiple kinds of bacteria and mold present, including:

- Heterotrophic plate count (HPC) over 5700 CFU/mL, which is more than ten times the recommended limit;
- Pseudomonas aruginosa;
- Paecilomyces lilacinus;
- Mycosphaerella heimii;
- Penicillium corylophilum;
- Remotididymella destructive;
- Aspergillus versicolor;
- Dioszegia species;
- Cladosporium halotolerans;
- Penicillium simplissimum; and
- Pyrenochaetopisis indica.

21. The letter concludes that Waiakea violated federal law by failing to use appropriate processes and controls for bottling its water in a safe and healthy manner and failing to use appropriate preventive controls associated with these hazards. *See* 21 C.F.R. §§ 129.80(a), 117.135(c)(1)(i).

22. The letter also notes that it "is not intended to be an all-inclusive list of violations at your facility or in connection with your products." It directs that Waiakea is responsible for investigating and determining the causes of any violations and preventing their recurrence or the

4

occurrence of other violations. Failure to comply with "all requirements of federal law, including FDA regulations," the letter warns, "may result in legal action without further notice."

### B. Courtney and Michael Stevenson

23. Plaintiffs Courtney and Michael Stevenson made several purchases of Waiakea water throughout 2023. These purchases were made predominantly through Sam's Club, which shipped the water to the Stevensons' home address in Dayton, Ohio.

24. On or about November 21, 2023, Courtney Stevenson drank from a bottle of Waiakea water while at work and noticed a disgusting texture as she swallowed it. She then examined the bottle and saw a floating substance, which looked like mold. Both Courtney and Michael Stevenson drank water from the same shipment.

25. After noticing one contaminated bottle from which they had drunk water, Plaintiffs then found other unopened bottles with visible floating particles or bacteria.

26. Since drinking the contaminated water, Mr. and Mrs. Stevenson have developed a persistent cough and other, more serious symptoms. Mrs. Stevenson experienced heart palpitations and an increased heart rate. She had to go to the emergency room to be examined.

27. Mr. Stevenson has since been diagnosed with cancer and had to receive brain surgery.

28. Both Plaintiffs experience anxiety and phobia related to drinking bottled water, and they closely examine any new bottles that they purchase prior to opening them.

29. Mrs. Stevenson promptly notified Waiakea about her and her husband's complaints concerning the water. Waiakea attempted to downplay the seriousness of her concerns, but it did admit that some of its shipments of bottled water were contaminated from "biofilm found on a pipe surface."

30. Together, Mr. and Mrs. Stevenson have incurred significant medical expenses, as well as anxiety and emotional distress, including fear of future illness or medical harm, as a result of their ingestion of contaminated water.

**C. Class Allegations**

31. Plaintiffs bring this action on behalf of themselves and other Ohio consumers similarly entitled to relief.

32. The Class here consists of:

   a. For Counts I and II, all Ohio residents who purchased or otherwise received Waiakea water from Sam's Club and drank Waiakea's contaminated water in 2023 or 2024.

   b. For Count III, all Ohio residents who consumed Waiakea's contaminated water in 2023 or 2024.

33. Class members are seeking damages from the Defendants for personal injury, financial loss, emotional distress, and other harm caused by drinking the contaminated water.

34. The proposed Class is so numerous that joinder of all members is impracticable. *See* Fed. R. Civ. P. 23(a)(1). The exact number of Class members is unknown at this time and can be ascertained only through appropriate discovery, but Plaintiffs believe there are likely hundreds of Class members. Based on the size of the putative Class and the nature of the injuries at issue, including the likelihood of long-term health effects from the contaminants in the water, the amount in controversy exceeds $5,000,000 for the Class.

35. Common questions of law and fact exist with respect to the Class. *See* Fed. R. Civ. P. 23(a)(2). Those questions include:

    a. Whether Defendants owed a duty to consumers in Ohio to source, process, store, maintain, bottle, and distribute their water products in a safe and healthy manner free from the contaminants found in the water at issue;

    b. Whether the water shipments at issue contained an unreasonable amount of contaminants and pollutants, including but not limited to the bacteria and mold identified in the FDA's warning letter and to be further established through discovery;

    c. Whether the contaminants found in the water at issue can cause adverse health consequences;

    d. Whether Defendants breached their implied warranties of merchantability or fitness for a particular purpose by processing, bottling, and shipping water with the contaminants noted above and further established through discovery; and

    e. Whether Sam's Club continued to sell Waiakea water after a recall had been issued arising from the discovery of contamination.

36. Plaintiffs' claims are typical of the claims of the other members of the Class. The members of the Class are all Ohio residents who drank Waiakea's contaminated water and suffered physical and/or emotional effects from the consumption of the contaminated water. For purposes of the sub-Class pertaining to Counts II and III, the Class members include all who purchased or obtained the Waiakea water at issue through Sam's Club and are entitled to relief for their injuries from either or both of Waiakea or Sam's Club.

37. Plaintiffs will fairly and adequately protect the interests of all Class members. *See* Fed. R. Civ. P. 23(a)(4). Plaintiffs' counsel is competent and experienced in litigating

complex cases involving class actions and in litigating statutory and common law rights. Plaintiffs have no interests adverse or antagonistic to the Class.

38. The Class is certifiable under Federal Rule of Civil Procedure 23(b)(3). The common questions of law and fact listed above predominate over any questions affecting only individual members of the Class. All Class members have a statutory and common law expectation that the water they purchase and consume meets certain minimum safety and health standards and will not pose a health risk based on contaminants of the kind found to be present in Waiakea's water. Treatment of this case as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of claims by many Class members who otherwise could not bear the expense and burden of seeking redress on an individual basis for the conduct alleged herein.

39. The interest of members of the Class in individually controlling the prosecution of separate actions is theoretical rather than practical. The Class has a strong and pervasive community of interest, and prosecution of the action through representatives would be unobjectionable. No difficulty is anticipated in the management of this action as a class action.

### COUNT I – Negligence

**(against all Defendants)**

40. Plaintiffs hereby incorporate the preceding and succeeding paragraphs as if they are fully set forth herein.

41. Defendants owed Plaintiffs and the putative class members a duty of reasonable care in the preparation, sourcing, processing, bottling, and distribution of Waiakea's water for public consumption.

42. Waiakea in particular is subject to numerous federal and state regulations regarding health and safety standards for its bottled water including, but not limited to, those set forth in Ohio Revised Code § 3715.01 *et seq* .

43. Plaintiffs are in the class of persons for whose benefit those regulations are intended, and they are direct customers of the Defendants.

44. Defendant Waiakea breached its duty of care in multiple ways, including but not limited to:

   a. Failing to maintain a safe and clean environment for the processing and bottling of water;

   b. Failing to recognize the water contamination in a timely manner;

   c. Failing to take necessary steps to protect its customers;

   d. Failing to implement appropriate policies and procedures to ensure the safety of its water products;

   e. Failing to adequately supervise its employees; and

   f. Failing to respond appropriately to regulatory warnings designed to protect the health and safety of its customers.

45. Defendant Sam's Club violated its duties to Plaintiffs by continuing to sell contaminated Waiakea water after the recall arising from the contamination.

46. As a result of Defendants' breaches of their duty of care, Plaintiffs suffered injury and damages including pain, suffering, emotional distress, anxiety, financial expense, and other damages not specifically enumerated herein.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against the Defendants on Count I in an amount that is fair and reasonable; for the costs of

this action; for prejudgment interest; for reasonable attorneys' and experts' fees; and for such other and additional relief as the Court deems just and proper.

## COUNT II – Strict Liability

### (against all Defendants)

47. Plaintiffs hereby incorporate the preceding and succeeding paragraphs as if they are fully set forth herein.

48. Defendants are engaged in the business of selling products for use or consumption under Section 402A of the Restatement (Second) of Torts, adopted by Ohio in Rev. Code § 2307.71 *et seq.*

49. Ohio law imposes strict liability for harm caused by selling a product in a defective, unreasonably dangerous condition.

50. The water products sold to Plaintiffs were contaminated, unsanitary, unsafe, defective, and unreasonably dangerous due to contamination at the time they left the control of Waiakea.

51. As a result of Waiakea's contaminated, defective products, Plaintiffs suffered injury and damages exceeding $75,000 including pain, suffering, emotional distress, financial expense, and other damages not specifically enumerated herein.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against the Defendants on Count II in an amount that is fair and reasonable; for the costs of this action; for prejudgment interest; for reasonable attorneys' and experts' fees; and for such other and additional relief as the Court deems just and proper.

## COUNT III – Breach of Implied Warranty

### (against the Waiakea Defendants)

52. Plaintiffs hereby incorporate the preceding and succeeding paragraphs as if they are fully set forth herein.

53. Ohio Revised Code § 1302.27 governs the implied warranty of merchantability in the state of Ohio. Section 1302.28 governs the implied warranty of fitness for a particular purpose in the state of Ohio.

54. Defendant Waiakea was obligated to provide Plaintiffs with water that was of merchantable quality, was reasonably fit for the purpose for which it was sold, and conformed to the standards of the trade.

55. Waiakea knew at the time of sale that its water products were to be consumed, and Plaintiffs relied on Waiakea's judgment to furnish safe and suitable goods.

56. Waiakea impliedly warranted that its water was of merchantable quality and safe and fit for consumption.

57. Waiakea breached its implied warranties because its water products were not of merchantable quality or fit for their ordinary purpose at the time of sale. The products were contaminated and unsafe.

58. Defendants' breaches of implied warranties were a direct and proximate cause of Plaintiffs' damages.

59. Plaintiffs reasonably notified Waiakea of its breaches prior to bringing this claim.

60. As a result of Defendants' breaches of implied warranties, Plaintiffs suffered injury and damages exceeding $75,000 including pain, suffering, emotional distress, anxiety, financial expenses, and other damages not specifically enumerated herein.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against the Defendants on Count III in an amount that is fair and reasonable; for the costs of this action; for prejudgment interest; for reasonable attorneys' and experts' fees; and for such other and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

*/s/: John H. Stachler*
John H. Stachler (#0064130)
Matthew T. Tipton (#0088307)
Adam M. Pitchel (#0097982)
STACHLERHARMON
7810 McEwen Road, Suite B
Dayton, OH 45459
Phone:  937.461.5901
Fax:  937.461.5981
john@stachlerharmon.com
matt@stachlerharmon.com
adam@stachlerharmon.com

David B. Helms (pro hac vice pending)
GM Law PC
8000 Maryland Avenue, Suite 1060
St. Louis, MO 63105
(314) 474-1750
davidh@gmlawpc.com

Benjamin D. Mooneyham (pro hac vice pending)
GM Law PC
1201 Walnut, Suite 2000
Kansas City, MO 64106
(816) 471-7700
benm@gmlawpc.com
Counsel for Plaintiffs