IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

COURTNEY STEVENSON, *et al.*, on behalf of themselves and others similarly situated

Plaintiff,

v.

SAM'S WEST, INC., *et al.*,

Defendants.

Case No. 3:24-cv-294

Judge Walter H. Rice

Mag. Judge Caroline H. Gentry

---

DECISION AND ENTRY SUSTAINING MOTION TO DISMISS AND MOTION TO STRIKE CLASS ALLEGATIONS OF DEFENDANT SAM'S WEST, INC. ("SAM'S CLUB") (DOC. #17) AND SUSTAINING IN PART AND OVERRULING IN PART MOTION TO DISMISS AND MOTION TO STRIKE CLASS ALEGATIONS OF DEFENDANTS WAIAKEA BOTTLING INC. AND WAIAKEA, INC. ("WAIAKEA DEFENDANTS") (DOC. #18); CLASS ALLEGATIONS IN THE ORIGINAL COMPLAINT OF PLAINTIFFS COURTNEY AND ROBERT STEVENSON (DOC. #1) ARE STRICKEN, AND CLAIMS ONE AND TWO ARE DISMISSED, BOTH WITHOUT PREJUDICE TO REFILING WITHIN TWENTY-EIGHT (28) DAYS OF ENTRY; FAILURE TO SET FORTH PLAUSIBLE CLAIMS OR CLASS ALLEGATIONS WILL RESULT IN DISIMISSAL WITH PREJUDICE OF CLAIMS ONE AND TWO AGAINST ALL DEFENDANTS AND DISMISSAL OF SAM'S CLUB FROM THE CAPTIONED CASE ENTIRELY; CLAIM THREE SHALL PROCEED TO DISCOVERY BY PLAINTIFFS IN THEIR INDIVIDUAL CAPACITIES AS AGAINST THE WAIAKEA DEFENDANTS

---

Before the Court are the Motions to Dismiss and to Strike Class Allegations of Defendants Sam's West, Inc. ("Sam's Club") (Doc. #17) and Waiakea Bottling, Inc. and Waiakea, Inc. (collectively, "Waiakea Defendants"). (Doc. #18). For the

reasons set forth below, Sam's Club's Motion is SUSTAINED and the Waiakea Defendants' Motion is SUSTAINED IN PART AND OVERRULED IN PART.

## I.     Factual Background and Procedural History

As Defendants' Motions arise under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Waiakea Defendants sell a product called "Hawaiian Volcanic Water," which was the subject of a voluntary recall in late 2023. (Complaint, Doc. #1, PAGEID 3, ¶ 15). The water and Waiakea Defendants' bottling processes were subject to investigation by the United States Food and Drug Administration ("FDA") in 2023 and 2024, culminating with the FDA issuing a warning letter to the Waiakea Defendants on August 13, 2024. (*Id.* at PAGEID 3-4, ¶¶ 18-19). The FDA also concluded that the Waiakea Defendants had violated federal regulations with respect to their water bottling and quality control procedures. (*Id.* at PAGEID 4, ¶ 21).

Plaintiffs ordered Hawaii Volcanic Water through Defendant Sam's Club's website, and Sam's Club shipped the water to their house. (Doc. #1, PAGEID 5, ¶ 23). In November 2023, Plaintiffs drank water that they believed to be contaminated with mold, "visible floating particles[,] or bacteria." (*Id.* at ¶¶ 24-25). "Since drinking the contaminated water," Plaintiffs claim that they "have developed a persistent cough and other, more serious symptoms. Mrs. Stevenson experienced heart palpitations and an increased heart rate. She had to go to the emergency room to be examined." (*Id.* at ¶ 26). They have also suffered

2

significant mental and emotional distress. (*Id.* at PAGEID 5, 6, ¶¶ 28, 30). Mrs. Stevenson notified the Waiakea Defendants about the contaminated water; the Waiakea Defendants "attempted to downplay the seriousness of her concerns, but [they] did admit that some of [their] shipments of bottled water were contaminated from 'biofilm found on a pipe surface.'" (*Id.* at PAGEID 5, ¶ 29).

Plaintiffs filed suit on November 8, 2024, alleging negligence against Sam's Club and the Waiakea Defendants (Claim One, Doc. #1, PAGEID 8-10, ¶¶ 40-46), strict liability against Sam's Club and the Waiakea Defendants (Claim Two, *id.* at PAGEID 10, ¶¶ 47-51), and breach of implied warranties of merchantability and fitness for particular purpose against the Waiakea Defendants only. (Claim Three, *id.* at PAGEID 11, ¶¶ 52-60, citing OHIO REV. CODE §§ 1302.27, 1302.28). Plaintiffs set forth a purported Plaintiff class of:

a. For Counts I and II, all Ohio residents who purchased or otherwise received Waiakea water from Sam's Club and drank Waiakea's contaminated water in 2023 or 2024.

b. For Count III, all Ohio residents who consumed Waiakea's contaminated water in 2023 or 2024.

(*Id.* at PAGEID 6, ¶ 32).

On January 10, 2025, both Sam's Club (Doc. #17) and the Waiakea Defendants (Doc. #18) moved to dismiss and to strike the Complaint's class allegations. (Doc. #1, PAGEID 6-8, ¶¶ 31-39). Both Sam's Club and the Waiakea Defendants argue that Claim One, common law negligence, has been abrogated by the Ohio Products Liability Act ("OPLA"), OHIO REV. CODE 2307.71 *et seq.* (Doc.

3

#17, PAGEID 52, ¶ 1; Doc. #18, PAGEID 63, ¶ 2). All Defendants further assert that the class allegations should be stricken because Plaintiffs have set forth impermissible "fail-safe" classes. (Doc. #17, PAGEID 52-53, ¶ 3; Doc. #18, PAGEID 63, ¶ 3). Additionally, Sam's Club argues that Claim Two, strict liability, is also abrogated by OPLA, and Plaintiffs have not plausibly alleged facts that would hold Sam's Club, as a seller, strictly liable (*id.* at PAGEID 52, ¶ 2), and the Waiakea Defendants claim that Plaintiffs "have sued both Waiakea Bottling[,] Inc. and Waiakea, Inc., but the Complaint merely lumps these two entities together without ever distinguishing between them or describing their respective roles (if any). Because this fails to meet Rule 8 standards, the Complaint should be dismissed." (Doc. #18, PAGEID 64).

In a combined memorandum *contra*, Plaintiffs argue that they alleged joint wrongdoing by the Waiakea Defendants, and in instances like this, where Waiakea, Inc. is the parent company of Waiakea Bottling, such joint allegations are sufficient to put both Waiakea Defendants on notice of the (identical) nature of the claims against them. (Memo. in Opp., Doc. #24, PAGEID 94-95, quoting *Shah v. Fortive Corp.*, No. 2:22-cv-312, 2024 WL 3226108, at *5-6 (S.D. Ohio June 27, 2024) (Hopkins, J.); *Gordon v. B. Braun Med. Inc.*, No. 1:19-cv-121, 2020 WL 1491378, *11 (S.D. Ohio Mar. 27, 2020) (Black, J.); *Nissan N. Am., Inc. v. Cont'l Auto. Sys., Inc.*, No. 3:19-cv-396, 2019 WL 4820477, *4 (M.D. Tenn. Oct. 1, 2019); citing *Igo v. Sun Life Assur. Co. of Canada*, 652 F. Supp. 3d 929, 934–35 (S.D. Ohio 2023) (Black, J.)). Plaintiffs further claim that the basis for Claim One is the Ohio Pure Food and

4

Drug Law ("OPFD"), OHIO REV. CODE 3715.01 *et seq.*, and that this Court has refused to dismiss OPFD claims even when a common-law negligence claim would necessarily be preempted by OPLA. (*Id.* at PAGEID 96, citing *Qashqeesh v. Monster Beverage Corp.*, No. 2:20-cv-3776, 2020 WL 6544246, at *2 (S.D. Ohio Nov. 6, 2020) (Morrison, J.); *Donley v. Pinnacle Foods Grp., LLC*, No. 2:09-cv-540, 2010 WL 1031914, *2–3 (S.D. Ohio Mar. 17, 2010) (Abel, Mag. J.)). Plaintiffs assert that, because both Claims One and Two are statutorily-based, they not are abrogated by OPLA and should be allowed to proceed. (*Id.* at PAGEID 96-97).

Plaintiffs further claim that they adequately pleaded causes of action against Sam's Club, asserting that the OPFD and its negligence *per se* standard applies to sellers as well as manufacturers. Thus, they argue, Sam's Club decision to sell Hawaiian Volcanic Water renders it strictly liable for any defects in the water. (Doc. #24, PAGEID 97-98, quoting *Donley*, 2010 WL 1031914, *2, 3; citing OHIO REV. CODE § 3715.01(A)(2)(a)). Moreover, Plaintiffs claim that they "adequately pleaded a basis for 'negligence' liability of Sam's Club as the supplier by alleging that Sam's Club continued to sell contaminated water even after the recall." (*Id.* at PAGEID 98, citing Doc. #1, PAGEID 9, ¶ 45).

As to Defendants' Motions to Strike, Plaintiffs argue that striking class allegations is premature, and the determination of whether the Complaint actually contains a fail-safe class "is a topic better addressed at the class certification stage, when the plaintiff may amend the class definition and the parties will have had the benefit of discovery to help determine questions whether the class scope

5

is reasonably ascertainable." (Doc. #24, PAGEID 99, citing *JWD Auto., Inc. v. DJM Advisory Grp. LLC*, 218 F. Supp. 3d 1335, 1343 (M.D. Fla. 2016); *Kemen v. Cincinnati Bell Tel. Co., LLC*, No. 1:22-cv-152, 2024 WL 1242295, *9 (S.D. Ohio Mar. 22, 2024) (Cole, J.); *Mauer v. Am. Intercontinental Univ., Inc.*, No. 16-cv-1473, 2016 WL 4698665, *3 (N.D. Ill. Sept. 8, 2016)).

Moreover, Plaintiffs argue that a fail-safe class has two defining characteristics: (1) a class "that includes *only* those who are *entitled* to relief[,]" and (2) a class for which "the court cannot know to whom notice should be sent." (Doc. #24, PAGEID 98 (emphasis in original), quoting *Orduno v. Pietrzak*, 932 F.3d 710, 717 (8th Cir. 2019); *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 538 (6th Cir. 2012)). Plaintiffs argue that the Complaint alleges a specific factual, rather than legal, commonality: "The putative class is defined by those who consumed 'contaminated' water, *i.e.*, water that contained bacteria, mold, or other particles that were not intended to be included in the water and could be deemed unsafe[.]" (*Id.* at PAGEID 100, citing Doc. #1, PAGEID 4, ¶ 20). Finally, Plaintiffs assert that, even if the proposed class rests on a legal distinction, the better practice would be for the Court to grant Plaintiffs leave to modify the class definition, "rather than outright striking the class allegations." (*Id.* at PAGEID 100-01, quoting *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012); citing *Young*, 693 F.3d at 538).

In reply, Sam's Club argues that Claims One and Two are not pleaded as negligence *per se* or arising under the OPFD, and notes that the Complaint is

6

devoid of reference to any statutory section of the OPFD under which Plaintiffs purport to bring those claims. (Reply, Doc. #25, PAGEID 104). Rather, Sam's Club asserts, they are common law products liability claims that are completely preempted by OPLA. (*Id.* at PAGEID 103). Moreover, Sam's Club claims that, even assuming *arguendo* that Claims One and Two are governed by a negligence *per se* standard, Plaintiffs still "do not adequately allege that Sam's Club sold them the bottles of Waiakea Hawaiian water that supposedly made them ill" — *i.e.*, Plaintiffs had not plausibly pleaded proximate cause, an essential element even in a negligence *per se* action. (*Id.* at PAGEID 104-05, quoting *Donley*, 2010 WL 1031914, *2; citing Doc. #1, PAGEID 5, ¶ 23). Further, Sam's Club argues that Claims One and Two must fail against Sam's Club because OPLA exempts sellers from liability with very limited exceptions, which Sam's Club argues do not apply and Plaintiffs do not address. (*Id.* at PAGEID 105, citing OHIO REV. CODE § 2307.78; *Parker v. ACE Hardware Corp.*, 104 N.E.3d 298, 2018-Ohio-320, ¶ 43 (2d Dist.) (Tucker, J., concurring in part).

The Waiakea Defendants reiterate their arguments that the Complaint is devoid of allegations that the Waiakea entities acted collectively to harm Plaintiffs. "Rather, the cited provisions simply attribute actions to the vague 'Waiakea.'" (Reply, Doc. #26, PAGEID 110, citing Doc. #1, PAGEID 3-5, 9, ¶¶ 12-22, 41-44). They also assert that the putative classes are fail-safe classes because they depend on adjudication of the ultimate issue — whether the water at issue was contaminated: "if Defendants ultimately defeat any putative class member's claim that the water

7

he or she consumed was 'contaminated,' then that person was never a member of the class at all." (*Id.* at PAGEID 110-11, quoting *Jackson v. Cuyahoga Cnty.*, No. 1:20-cv-2649, 2021 WL 2018853, *14 (N.D. Ohio May 20, 2021)). In other words, the Waiakea Defendants argue, Plaintiffs have not identified a particular set of individuals harmed in a particular way, but, rather, they "have effectively defined the class in terms of whether a person can prevail on the merits." (*Id.* at PAGEID 112). Because such a class definition is impermissible, the Waiakea Defendants assert, the class allegations should be stricken. (*Id.* at PAGEID 113).

The matters are now ripe for decision.

## II. Applicable Law

### A. Rule 12(b)(6)

Rule 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rule 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party "has the burden of showing that the opposing party has failed to adequately state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). The purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the

plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a Rule 12(b)(6) motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012), quoting *Treesh*, 487 F.3d at 476p.

Nevertheless, to survive a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions "must be supported by well-pleaded factual allegations . . . [that] plausibly give rise to an entitlement of relief." *Id.* at 679. "Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

9

### B. Rule 12(f)

"'Rule 12(f) allows a court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.' Motions to strike are viewed with disfavor and are not frequently granted." *Oper. Eng'rs Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) quoting FED.R.CIV.P. 12(f); citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953). However, "[a] motion to strike should be granted if 'it appears to a certainty that plaintiffs would [fail] despite any state of the facts which could be proved in support of the [claims] and are inferable from the pleadings.'" *Id.*, quoting *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991).

## III. Analysis

### A. Motion to Strike

By the plain language of their proposed classes—"all Ohio who residents . . . drank Waiakea's contaminated water" (Doc. #1, PAGEID 6, ¶¶ 32a, 32b)—Plaintiffs necessarily create fail-safe classes. As the Waiakea Defendants aptly note, if the Court adjudges that the water was contaminated, "those class members win[,]" and if the Court adjudges that the water was not contaminated, "they are not in the class and are not bound." (Doc. #18, PAGEID 69, citing *Young*, 693 F.3d at 538). While Plaintiffs argue that the proposed classes are "defined by those who consumed 'contaminated' water, *i.e.*, water that contained bacteria, mold, or other particles that were not intended to be included in the

10

water and could be deemed unsafe," (Doc. #24, PAGEID 100, citing Doc. #1, PAGEID 4, ¶ 20), that is not how the classes are pleaded. More importantly, the classes, as pleaded, call for an adjudication of whether the water did contain that particulate matter. Whether that adjudication is of a question of law or one of fact, as Plaintiffs argue (*id.*), is irrelevant; the proposed classes have a "heads, I win; tails, I didn't play" structure, meaning that defining the classes is impossible at any point prior to adjudication. Thus, the proposed classes are quintessential fail-safe classes and cannot proceed. *Young*, 693 F.3d at 538, quoting *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011).

While, as discussed above, striking class allegations pre-discovery is a rare occurrence (Doc. #24, PAGEID 99-100), doing so is appropriate when, as here, it is "impossible to certify the alleged class[es] regardless of the facts Plaintiffs may be able to obtain during discovery." *Zachary*, 716 F. Supp. 3d at 352. Thus, Sam's Club and the Waiakea Defendants' Motions to Strike must be SUSTAINED. Plaintiffs' class allegations are stricken without prejudice to filing amended proposed classes within twenty-eight days of entry.

 **B. Motion to Dismiss**

  **1. Plaintiff has adequately alleged claims against the Waiakea Defendants**

The Waiakea Defendants argue that Plaintiffs have failed to provide either Waiakea, Inc. or Waiakea Bottling fair notice of the particular allegations against it, and thus, the Complaint should be dismissed as against the Waiakea Defendants

11

for failing to satisfy Rule 8(a)(2). (Doc. #18, PAGEID 65-66 (collecting cases)). The Waiakea Defendants' argument is at best premature. As Plaintiffs correctly note, allegations of joint misconduct against corporate affiliates are appropriate, so long as the defendants are on fair notice of the joint misconduct that the plaintiffs are alleging against them. (Doc. #24, PAGEID 94, quoting *Shah*, 2024 WL 3226108, \*5; *Gordon*, 2020 WL 1491378, \*11). Plaintiffs have done so here, with numerous allegations pertaining to both Waiakea Defendants through their allegations against "Waiakea." (Doc. #1, PAGEID 3-5, 9; ¶¶ 12-22, 42-44). The Waiakea Defendants have legally availed themselves of the corporate form to limit the liability of both parent and subsidiary company. However, the decision to form separate but related entities may not be used to prevent Plaintiffs from seeking redress simply because Plaintiffs are unable to untangle the corporate form without discovery. This would impose too high a burden on Plaintiffs at the outset.

Moreover, the cases relied upon by the Waiakea Defendants (Doc. #18, PAGEID 65-66) do not support such a requirement. While the court in *Hall v. Madison Police Dep't* cautions against "[c]onclusory allegations of . . . undifferentiated wrongdoing[,]" No. 1:18-cv-1999, 2018 WL 5775914, \*1 (N.D. Ohio Nov. 2, 2018), in *Hall*, the defendants' motion to dismiss was granted not because of lack of differentiation, but because plaintiff failed to set forth *any* "specific factual allegations against the Lake County Defendants." *Id.* at \*2; *see also In re Smitty's/CAM2 303 Tractor Hydraulic Fluid Mktg., Sales Practices, and Prods. Liab.*

12

*Litig.*, MDL No. 2936, 2022 WL 710193, *4 (W.D. Mo. Mar. 9, 2022) ("Plaintiffs assert thirty-nine causes of action against Individual Defendants. In support of these claims, Plaintiffs dedicate less than four pages of facts, many of which contain conclusory allegations."); *Lane v. Cap. Acquisitions & Mgmt. Corp.*, No. 04-60602 CIV, 2006 WL 4590705, *5 (S.D. Fla. Apr. 14, 2006) (related corporate defendants were not dismissed); *Medina v. Bauer*, No. 02 Civ. 8839, 2004 WL 136636, *6 (S.D.N.Y. Jan. 27, 2004) (dismissed because "the allegations fail to give adequate notice to these defendants as to what they did wrong."). Here, as discussed above, Plaintiffs set forth specific factual allegations that can only be ascribed to the Waiakea Defendants, alone or in combination, and the Waiakea Defendants are on reasonable notice of the specific tortious acts of which Plaintiffs are accusing them. If discovery reveals that Plaintiffs cannot reasonably ascribe malfeasance to one or both of the Waiakea Defendants, then they may move for summary judgment on that ground. But Plaintiffs have put both of the Waiakea Defendants on sufficient notice of her claims against them; consequently, they must have the opportunity to prove up their allegations.

### 2. Preemption by OPLA

Plaintiffs argue that Claims One and Two arise under the OPFD, as evidenced by their citation to the statute in the Complaint. They also assert that, when a claim arises under both the OPFD and common law causes of action, and the latter are preempted by the OPLA, courts have allowed the OPFD portions of the claims to proceed. (Doc. #24, PAGEID 96, citing *Qashqeesh*, 2020 WL 6544246,

13

\*2; *Donley*, 2010 WL 1031914, \*2–3). However, both Sam's Club and the Waiakea Defendants argue that Plaintiffs' citation to the OPFD is cursory and does not relate to the gravamen of Claims One and Two, which, as common law negligence and strict liability actions, are preempted by the OPLA. (Doc. #25, PAGEID 104, citing Doc. #1, PAGEID9, ¶¶ 42, 44-45; Doc. #26, PAGEID 110-11, quoting *Qashqeesh*, 2020 WL 6544246, \*2).

In Claim Two, Plaintiffs assert that "Defendants are engaged in the business of selling products for use or consumption under Section 402A of the Restatement (Second) of Torts, adopted by Ohio in Rev. Code § 2307.71 *et seq.*" (Doc. #1, PAGEID 10, ¶ 48). There is no reference in Claim Two to the OPFD, much less allegations that would lead the Court to infer reasonably that Claim Two is actually an OPFD, rather than products liability, claim. OPLA, and only OPLA, is codified at OHIO REV. CODE § 2307.71 *et seq.*, and provides Plaintiffs' exclusive remedy for products liability actions. Accordingly, to the extent that Claim Two is a common law strict liability claim, it must be dismissed as preempted by OPLA and for failing to plead the claim "with reference to the applicable provision of the OPLA." *Jordan v. Samsung Elec. of Am., Inc.*, No. 2:24-cv-1248, 2024 WL 4836279, \*4 (S.D. Ohio Nov. 20, 2024) (Sargus, J.), quoting *Mitchell v. Proctor & Gamble*, No. 2:09-cv-426, 2010 WL 728222, \*4 (S.D. Ohio Mar. 1, 2010) (Marbley, J.).

Claim One suffers from the same defect as Claim Two. Plaintiffs' reference to the OPFD—"Waiakea in particular is subject to numerous federal and state regulations regarding health and safety standards for its bottled water including,

14

but not limited to, those set forth in Ohio Revised Code § 3715.01 *et seq.*" (Doc. #1, PAGEID 9, ¶ 42)—is conclusory and unconnected to the other facts in the Claim. Plaintiff does not articulate what duties Defendants owe Plaintiffs under the OPFD, nor the statutory provision under which those duties arise. A mere reference to a statute is insufficient to put Defendants on notice of how they allegedly violated that statute. FED.R.CIV.P. 8(a)(2).

The cases to the contrary relied upon by Plaintiffs are inapposite. In *Donley*, there was no question as to whether OPLA preemption applied, because there was no dispute that plaintiff had properly pleaded the claims at issue under the OPFD, 2010 WL 1031914, *2-3, and, indeed, plaintiff had cited the OPFD's specific negligence *per se* provision. (Compl., Case No. 2:09-cv-540, PAGEID 23, 24, ¶¶ 15, 21, citing OHIO REV. CODE § 3715.52). In *Qashqeesh*, the plaintiff made a specific allegation of misconduct by defendants, and logically connected that allegation to the OPFD: "Defendants were negligent *per se* in that the Java Monster drink that contained rodent contamination constituted an adulterated product and/or contained an unreasonably dangerous and deleterious substance unfit for human consumption in violation of Ohio's Pure Food and Drug Law, R.C. § 3715.01 *et seq.*" (Compl., Case No. 2:20-cv-3776, Doc. #7, PAGEID 54, ¶ 16).

Here, Plaintiffs make no attempt to link the more specific duties alleged in Claim One, *e.g.*, "a duty of reasonable care in the preparation, sourcing, processing, bottling, and distribution of Waiakea's water for public consumption[,]" (Doc. #1, PAGEID 8, ¶ 41), to the OPFD, and those allegations

15

describe general duties of care that would arise in a products liability negligence action—the precise type of action preempted by OPLA. *See also id.* at PAGEID 9, ¶ 44 (alleging that Waiakea Defendants breached a general "duty of care"). Mere passing reference to the OPFD cannot transform a products liability claim into an OPFD claim. Thus, the Court concludes that Claim One is a common law products liability negligence claim, and must be dismissed both as preempted by OPLA and for failure to cite any provision of OPLA that Defendants supposedly violated. *Jordan*, 2024 WL 4836279, *4.

### 3. Dismissal Without Prejudice

Plaintiffs whose complaint is dismissed for failure to state a claim are generally given the chance to replead if they seek leave, FED.R.CIV.P. 15(a)(2), unless there is undue delay, bad faith, or undue prejudice in amending, or amendment is "futile"—that is, any amended complaint would not survive a renewed motion to dismiss. *Morse v. McWhorter*, 290 F.3d 795, 799-800 (6th Cir. 2002), citing *Foman v. Davis*, 371 U.S. 178, 182 (1961). Here, Plaintiffs have earnestly sought leave to amend, it is early in the case (so Defendants are not unduly prejudiced), and it appears possible from the Complaint that Plaintiffs could set forth colorable claims under the OPLA or OPFD. Accordingly, Claims One and Two are dismissed without prejudice to refiling.

## IV. Conclusion

For the foregoing reasons, Sam's Club's Motion to Dismiss and to Strike (Doc. #17) is SUSTAINED and the Waiakea Defendants' Motion to Dismiss and to

16

Strike (Doc. #18) is OVERRULED to the extent that the Waiakea Defendants seek to be dismissed from the case entirely, and SUSTAINED in all other respects. Plaintiffs' class allegations are STRICKEN WITHOUT PREJUDICE to refiling within twenty-eight (28) days of this Entry, and Plaintiffs' Claims One and Two are DISMISSED WITHOUT PREJUDICE to refiling within twenty-eight (28) days. Failure to set forth plausible class allegations and colorable Claims One and Two within that time will result in the dismissal of those claims with prejudice, the dismissal of Sam's Club from the captioned case with prejudice, and judgment ultimately entering in favor of Defendants and against Plaintiffs on those claims. Plaintiffs' Claim Three against the Waiakea Defendants shall proceed to discovery as a non-class action.

IT IS SO ORDERED.

June 2, 2025

*Walter H. Rice*

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT